UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 12-1041(DSD/LIB)

Lawrence Christopher Redding,

          Petitioner,

v.                                                          **ORDER**

J.C. Thomas, Warden,

          Respondent.


     Lawrence Christopher Redding, 05489-041, Federal
     Correctional Institution Allenwood, Box 3000, White Dee,
     PA 17887, pro se.

     Erika R. Mozangue, Gregory G. Brooker, United States
     Attorney's Office, 300 South Fourth Street, Suite 600,
     Minneapolis, MN 55415, counsel for respondent.


     This matter is before the court upon the pro se application under 28 U.S.C. 2241 for a writ of habeas corpus by petitioner Lawrence Christopher Redding. Based on a review of the file, record and proceedings herein, and for the following reasons, the application is denied.


                              **BACKGROUND**

     On November 12, 1992, a jury found petitioner guilty of three counts of felon in possession of a firearm under 18 U.S.C. §§ 922(g) and 924(e)(1). The court found Redding to be an armed career criminal based on three aggravated robbery convictions in Minnesota and two robbery and one armed-robbery conviction in

Illinois. See United States v. Redding, 16 F.3d 298, 302 (8th Cir. 1994). The court sentenced petitioner to 327 months on each count, to be served concurrently, under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Petitioner appealed, and the Eighth Circuit affirmed his convictions and sentence. Redding, 16 F.3d at 303.

Petitioner then moved to vacate his convictions under 28 U.S.C. § 2255. The court denied the motion, and the Eighth Circuit affirmed. Redding v. United States, 105 F.3d 1254, 1255 (8th Cir. 1997). Petitioner next moved to reduce his sentence under 18 U.S.C. § 3582 in 2001 and 2005. See ECF Nos. 97, 100. The court denied both motions. See ECF Nos. 99, 105.

On June 22, 2011, petitioner filed the instant application in the District of Oregon, where he was then incarcerated. The government moved to transfer the application to the District of Minnesota because it seeks to challenge the validity of the conviction and sentence. On April 26, 2012, the Oregon court transferred the application to the District of Minnesota. The court now addresses the application.

## DISCUSSION

"A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without

2

first showing that § 2255 would be inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). A remedy under § 2255 is not inadequate or ineffective merely due to a procedural barrier or because it is time barred. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Specifically, § 2255 is not inadequate or ineffective simply because a petitioner has already filed a § 2255 motion or has been denied permission to file a second motion. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

Here, petitioner seeks relief under the theory that Begay v. United States, 553 U.S. 137 (2008), announced a new, retroactive rule of constitutional law.[1] Petitioner states the he "is innocent of his enhanced sentence under the ACCA" based on his underlying Minnesota and Illinois convictions. Pet'r's Appl. 6–7, ECF No. 2. In short, petitioner attacks the validity of his sentence, making the present application a § 2255 motion.

A second or successive motion must be certified by a panel of the Eighth Circuit to contain newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In the present case, petitioner did not receive

---

[1] The Eighth Circuit is "inclined to agree" that Begay applies retroactively on collateral review when, as here, application of the ACCA increased the statutory maximum penalty. See Sun Bear v. United States, 644 F.3d 700, 703 (8th Cir. 2011) (en banc).

a certification from the Eighth Circuit to file a second § 2255 motion. Therefore, denial is warranted.

The court notes that denial is further warranted because <u>Begay</u> was decided more than one year before he filed the present application for relief. 28 U.S.C. § 2255(f)(3). Indeed, it was filed more than one year after the Supreme Court decided <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010) (decided March 2, 2010), the most recent opinion of the Court discussing violent felonies under the ACCA.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The application under 28 U.S.C. § 2241 for a writ of habeas corpus [ECF No. 2] is denied;

2. Because the court treats the instant application as a motion under 28 U.S.C. § 2255, the court grants a certificate of appealability under 28 U.S.C. § 2253.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 3, 2012

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
