UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1041(DSD/LIB)

Lawrence Christopher Redding,

        Petitioner,

v.                                                      **ORDER**

J.C. Thomas, Warden,

        Respondent.

    Lawrence Christopher Redding, 05489-041, MCFP Springfield, Medical Center/Federal Prisoners, P.O. Box 4000, Springfield, MO, 65801, pro se.

    Thomas Calhoun-Lopez, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for respondent.

    This matter is before the court upon the pro se motion by petitioner Lawrence Christopher Redding for relief under Federal Rule of Civil Procedure 60(b)(6) and the All Writs Act, 28 U.S.C. § 1651. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

    On November 12, 1992, a jury convicted Redding of three counts of felon in possession of a firearm under 18 U.S.C. §§ 922(g) and 924(e)(1). At sentencing, the court determined that Redding was subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on six previous state felony convictions.

United States v. Redding, 16 F.3d 298, 302 (8th Cir. 1994). The court sentenced Redding to a term of imprisonment of 327 months. Id. at 299. Redding appealed application of the ACCA to his sentence, and the Eighth Circuit affirmed. Id. at 303.

On March 16, 1995, Redding moved to vacate his sentence under 28 U.S.C. § 2255. United States v. Redding, No. 4:92-cr-116 (D. Minn. Mar. 16, 1995), ECF No. 88. The court denied the motion, and the Eighth Circuit affirmed. Id., ECF Nos. 91, 94. Redding then moved to reduce his sentence under 18 U.S.C. § 3582 in 2001 and 2005. Id., ECF Nos. 97, 99. The court denied both motions. Id., ECF Nos. 98, 105. On June 22, 2011, Redding filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Redding v. United States, No. 0:12-cv-1041 (D. Minn. June 22, 2011), ECF No. 2. In the petition, Redding argued that his enhanced sentence under the ACCA must be vacated in light of Begay v. United States, 553 U.S. 137 (2008).[2] ECF No. 3, at 4-5. The court construed the petition as a second or successive motion under § 2255, and denied it for failure to obtain circuit court authorization. ECF No. 21. The court further noted that, even if it considered the motion, it

---

[1] Redding filed the petition in the District of Oregon, his place of incarceration. The petition was transferred to the District of Minnesota on April 26, 2012. ECF No. 19.

[2] The Eighth Circuit is "inclined to agree" that Begay applies retroactively on collateral review when, as here, application of the ACCA increases the statutory maximum penalty. See Sun Bear v. United States, 644 F.3d 700, 703 (8th Cir. 2011) (en banc).

would be denied as untimely because it was brought more than one year after the Supreme Court decided Begay. Id. at 4. The Eighth Circuit summarily affirmed on July 23, 2012. ECF No. 31.

On December 31, 2014, Redding filed the instant motion, requesting relief under Federal Rule of Procedure 60(b) and 28 U.S.C. § 1651. ECF No. 34. Redding states that on October 17, 2014, the Eighth Circuit denied his request for permission to file the motion. See id. at 1.

**DISCUSSION**

**I.   Rule 60(b) Relief**

A court may grant relief under Rule 60(b) for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). When a petitioner requests Rule 60(b) relief, the court must examine whether the motion is more properly characterized as a § 2255 petition. See, e.g., United States v. Borrero, Nos. 03-281, 08-1160, 2010 WL 3927574, at *1 (D. Minn. Oct. 5, 2010). A Rule 60(b) motion may be considered a second or successive § 2255 petition if it "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). A motion does not seek § 2255 relief, however, if it "attacks ... some defect in the integrity of the federal habeas proceedings." Id.

Redding first argues that the court's denial of his previous § 2255 motion as second or successive, as well as the Eighth

Circuit's denial of his request to file the instant motion, constitutes a defect in his habeas proceedings. Specifically, Redding argues that he filed his first motion under § 2255 before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and therefore the AEDPA's provision requiring circuit court authorization of successive petitions does not apply. The court disagrees. A second or successive motion under § 2255 must be certified by the Eighth Circuit to contain newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). This is true even though an initial motion was filed before enactment of the AEDPA. See Vancleave v. Norris, 150 F.3d 926, 927 (8th Cir. 1998).

Redding also argues that the appellate certification requirement violates the ex post facto clause where, as here, it retroactively applies to impose a sentence that is greater than what it would have been under Begay. Although the Eighth Circuit has not addressed the issue, other circuits have held that the AEDPA's procedural requirements for second or successive petitions do not violate constitutional limits on retroactivity. See Daniels v. United States, 254 F.3d 1180, 1188 & n.1 (10th Cir. 2001); In re Minarik, 166 F.3d 591, 596 n.1, 600 (3d Cir. 1999); United States v. Ortiz, 136 F.3d 161, 168-69 (D.C. Cir. 1998); cf. Tiedeman v. Benson, 122 F.3d 518, 521 (8th Cir. 1997) (holding that AEDPA's

certificate of appealability requirement is procedural and therefore applies to pre-AEDPA petition). The court finds no reason to depart from those rulings here. As a result, Redding is required to seek circuit court authorization before filing a second or successive motion under § 2255.

Redding next argues, as he argued in his most recent motion, that his enhanced sentence must be vacated in light of Begay. This argument attacks the validity of his sentence, and the court again construes it as a successive request for relief under § 2255.[3] Because Redding did not receive permission from the Eighth Circuit to file the motion, the court is without jurisdiction to consider it. See Boykin v. United States, 242 F.3d 373, at *1 (8th Cir. Oct. 30, 2000). Moreover, even if the court considered the motion, it would be time-barred because it was not filed within one year of the decision in Begay. See 28 U.S.C. § 2255(f)(3).[4]

---

[3] The motion is successive to his initial 1995 motion and thus requires authorization even though Begay was decided in 2008. Typically, a subsequent § 2255 motion "raising a claim that had not arisen at the time of a previous petition is not barred [as a second or successive petition] or as an abuse of the writ." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003). Nonetheless, "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive" and require certification. Martin v. Benson, 815 F. Supp. 2d 1086, 1094 (D. Minn. 2011) (quoting Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009)); see also United States v. Claycomb, No. 14-8031, 577 F. App'x 804 (10th Cir. 2014).

[4] The court also finds that Redding is not entitled to relief under the All Writs Act, because § 2255 applies. See Carlisle v. United States, 517 U.S. 416, 429 (1996) ("Where a statute
(continued...)

5

**II.  Motion for Default Judgment**

Redding next moves for default judgment because the government did not respond to his motion as directed to by the court. Although the court does not condone disregard of its orders, it may only grant default judgment "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). As explained, Redding is not entitled to relief, and denial of his motion is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motion for relief under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 1651 [ECF No. 34] is denied;

2.  The motion for default judgment [ECF No. 38] is denied; and

3.  Because the court treats the instant motion as a motion under 28 U.S.C. § 2255, the court grants a certificate of appealability under 28 U.S.C. § 2253.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 23, 2015

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[4](...continued)
specifically addresses the particular issue at hand, it is that authority ... that is controlling.").